## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**GIL PHARMACEUTICAL CORP.,**

     **Plaintiff,**

       **v.**

**ADVANCED GENERIC**
**CORPORATION <u>et al.</u>,**

     **Defendant,**

                **CIVIL NO. 20-1184 (PAD)**

### MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

      Before the court are "Defendants' Motion to Transfer This Action to the Southern District of Florida, Pursuant to 28 U.S.C. § 1404(A) and 1406" (Docket No. 6); plaintiff's "Request for Jurisdictional Discovery Regarding Personal Capacity Defendants and Opposition to Defendants' Motion to Transfer this Action to the Southern District of Florida…" (Docket No. 14); defendants' reply at Docket No. 15; plaintiff's surreply at Docket No. 17; and defendants' "Opposition to Plaintiff's Motion for Jurisdictional Discovery" (Docket No. 18).  For the reasons explained below, the request for jurisdictional discovery is DENIED and the request to dismiss the claims against the individual defendants at Docket No. 6 GRANTED, albeit without prejudice.  Also, because the request to transfer the case to the Southern District of Florida is predicated on the inclusion of the individual defendants in this case, the request is DENIED AS MOOT.

Gil Pharmaceutical Corp. v. Advanced Generic Corporation et al
Civil No. 20-1184 (PAD)
Memorandum and Order
Page 2

# I.     FACTUAL BACKROUND[1]

Plaintiff, Gil Pharmaceutical Corporation ("GPC"), initiated this action in the Ponce Part of the Court of First Instance of Puerto Rico against Advanced Generic Corporation ("AGC"), José J. Hernández, his wife Karen Llorens (both identified in the complaint as shareholders and high-ranking executives of AGS and residents of Florida) and the legal conjugal partnership between them (Docket Nos. 1-1 and 7).[2]   Basically, it alleged that defendants violated Puerto Rico's Trademark Law, P.R. Laws Ann. tit. 10 §§ 223-224b,[3] by selling pharmaceutical products under the names of  "Biotect Plus So" and "Igualtuss," as equivalents of GPC's registered products "Protect Plus So" and "Giltuss," and marketing them with the labels "Compare to Protect Plus So" and "Compare to Giltuss"  even though those products do not contain the same milligrams, ingredients, and production control.  Id. at ¶ 9, 15, 20, 22.[4]  In its view, this creates a "highly dangerous situation for the health of consumers, to whom in many drugstores, internet, supermarket and other establishments where [Gil's] products are sold, upon information and belief medication is being sold to them which is not equivalent to that recommended or marketed by physicians and other marketing teams."  Id. at ¶ 22.

---

[1] In 2010, plaintiff filed a complaint against the corporate defendant alleging it was selling pharmaceutical products under marks or labels confusingly similar to the markings registered by trademark to plaintiff.  See, Gil Pharmaceutical Corp. v. Advanced Generic Corporation et al., Civil No. 10-1074 (MEL).  The parties reached a settlement agreement, and the complaint was dismissed with prejudice.  Id. at Docket Nos. 79 and 80.

[2] Although the Hernández-Llorens conjugal partnership appears as a defendant in the caption of the complaint, a perusal of the complaint shows there is no cause of action alleged against it.

[3] The complaint invokes violation of the Puerto Rico Trademark Law, referring generally to P.R. Laws Ann. tit. 10 § 171k.  That law, however, was amended by Law 169 of December 16, 2009 and is now codified in sections 223-224b of title 10.

[4] As alleged in the complaint, "Protect Plus So" is a nutritional supplement composed of multivitamins, antioxidants, bioflavonoids, chelated minerals, amino acids, and enzymes which "enjoys great fame, recognition, reputation and success in the Puerto Rico market among other formulations by experts in the market" (Docket No. 7, Exh. 1 at ¶ 13).  Giltuss, in turn, is an antitussive, expectorant and decongestant which "enjoys great fame, recognition, reputation and success in the Puerto Rico market, among other formulations by experts in the field." Id. at ¶ 18.

Defendants removed the case to this court on diversity grounds (Docket No. 1) and requested that the case be transferred to the Southern District of Florida, claiming this court lacks personal jurisdiction over three of the four named defendants – that is, the individual defendants and the conjugal partnership (Docket No 6). They added that, even accepting as true the allegations of the complaint, the individual defendants reside in the State of Florida and, therefore, are not subject to personal jurisdiction in Puerto Rico. Id.[5] From their perspective, the Southern District of Florida would be the proper venue as one with personal jurisdiction over *all* the defendants. In the alternative, they asked for dismissal of the claims against Mr. Hernández, Mrs. Llorens and the Hernández-Llorens legal conjugal partnership, reiterating their stand that the court lacks personal jurisdiction over them. (Docket No. 6).[6]

GPC opposed the requests and moved for jurisdictional discovery (Docket No. 14).[7] It stated that jurisdictional discovery is needed to gather the "necessary evidence to properly refute defendants' allegations that they have no minimum contacts with Puerto Rico." Id. at p. 6. To that end, it proffered that *AGC* has appeared in cases that have been litigated in Puerto Rico courts. Id. And it maintains that it is entitled to know if the individual defendant's livelihood is, in large part, dependent on AGC's activities in Puerto Rico. Id. In the alternative, it requested ten days to

[5] According to the complaint, AGC is organized under the laws of the State of Florida, with principal offices in San Juan, P.R. 00920, and is registered in the Department of State of Puerto Rico as a foreign corporation (Docket No. 7-1, ¶ 3). Also, it states that Mr. Hernández and Mrs. Llorens are residents of Miami, Florida. Id. at ¶¶ 4-5.

[6] Defendants' requests are predicated on the inclusion of Mr. Hernández and Mrs. Llorens as defendants in this case. They do not question that Puerto Rico would be the proper venue had the complaint *only* listed AGC as a defendant. In fact, in their submissions they admit that "the court's jurisdiction over the corporate defendant is not in dispute." (Docket No. 15, p. 2; Docket No. 18, p. 1).

[7] GPC's motion is not a model of clarity. It refers interchangeably to "defendant" (Docket No. 14, pp. 5-6), "defendants" (id. at pp. 1, 2, 4, 5), and the "corporation" (id. at p. 5) without any elaboration as to whether the arguments are directed to the individual defendants' claims of lack of jurisdiction, or the court's jurisdiction over the corporation.

Gil Pharmaceutical Corp. v. Advanced Generic Corporation et al
Civil No. 20-1184 (PAD)
Memorandum and Order
Page 4

properly oppose defendants' motion to dismiss the claims against the individual defendants for lack of jurisdiction. Id. at p. 5-7.[8]

Defendants took exception to GPC's request to conduct jurisdictional discovery and submitted two "Unsworn Declaration[s] Under Penalty of Perjury" (Docket No. 18, Exhs. 1 and 2).[9] They pointed out that, although the court has discretion to allow discovery, the request for discovery should be predicated on some basis. Id. at p. 4. And they contend there is no allegation in the complaint that supports or even suggests that the court has personal jurisdiction over them.[10] Id. at pp. 4-6.

## II.    DISCUSSION

### A.    Decisional Framework

The Due Process Clause of the Fourteenth Amendment requires that in order to subject a defendant to a judgment in personam if he is not present within the forum state, he have certain minimum contacts with the state such that maintenance of the suit "not offend traditional notions of fair play and substantial justice." Baskin-Robbins Franchising LLC v. Alpenrose Diary, 825 F.3d 28, 35 (1st Cir. 2016). Consistent with the demands of due process, a federal district court may exercise either general or specific jurisdiction over a defendant. Id. General jurisdiction exists "when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in

---

[8] In its motion, GPC requested ten days to respond to defendants' motion to dismiss the claims against the individual defendants in some paragraphs (Docket No. 14 at pp. 1, 5, 7) and 30 days in another. Id. at p. 6. Regardless, the terms elapsed, and it did not file an opposition.

[9] In essence, Mr. Hernández attested that he conducted no personal business in Puerto Rico and has never personally availed himself of courts located in Puerto Rico – local or federal. For her part, Ms. Llorens, attested that she has never personally availed herself of the courts located in Puerto Rico (Docket Nos. 18-1, ¶¶ 7-8 and 18-2, ¶ 6).

[10] They characterized plaintiff's request as a "fishing expedition of jurisdictional discovery but without any basis for such request." (Docket No. 18 at p. 4).

the forum state." United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). Specific jurisdiction may be asserted where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts. Id. at 1088-1089. As plaintiff does not suggest that there is general jurisdiction over the defendants here, the court focuses on the elements of specific jurisdiction. See, Baskin-Robbins, 825 F.3d at 35 (because plaintiff did not proffer a claim of general jurisdiction but, rather, asserted only a claim of specific jurisdiction as the basis for the district court's jurisdiction, court limited "its appraisal accordingly").

The existence vel non of specific jurisdiction depends on the results of a tripartite inquiry predicated on: (1) relatedness; (2) purposeful availment; and (3) reasonableness. See, Baskin-Robbins, 825 F.3d at 35 (discussing topic). All three of these elements must be present for specific jurisdiction to attach. Id. The inquiry is highly "fact-specific." Prep Tours, Inc. v. American Youth Soccer Organization, 913 F.3d 11, 17 (1st Cir. 2019). The test is not susceptible of mechanical application. Id. Instead, the facts must be weighed to determine whether the requisite affiliating circumstances are present. Id.

When personal jurisdiction is contested, "plaintiffs bear the burden of proving the facts upon which the existence of jurisdiction depends." United Elec., Radio and Mach. Workers of America, 960 F.2d 1090. A district court "may choose from among several methods for determining whether the plaintiff has met its burden." Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F. 3d 1, 8 (1st Cir. 2009). The most commonly used method is referred to as "the prima facie standard or a standard requiring a prima facie showing." Boit v. Gar-Tec Products, Inc.,967 F.2d 671, 675 (1st Cir. 1992).

Gil Pharmaceutical Corp. v. Advanced Generic Corporation et al
Civil No. 20-1184 (PAD)
Memorandum and Order
Page 6

The prima facie showing "must be based on evidence of specific facts set forth in the record." Boit, 967 F.2d at 675. To this effect, the plaintiff must proffer evidence that, "if credited, is enough to support findings of all facts essential to personal jurisdiction." Prep Tours, 913 F.3d 11, 16 (1st Cir. 2019). The court takes these facts as true – whether or not disputed – and construe them "in the light most congenial to the plaintiff's jurisdictional claim." Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002). Then, it adds to the mix facts put forward by the defendants, to the extent that they are uncontradicted. Id. The court "need not, however, credit bald allegations or unsupported conclusions." Carreras v. PMG Collins, LLC, 660 F.3d 540, 552 (1st Cir. 2011).

**B.  Analysis**

The complaint asserts that the individual defendants are residents of Florida, which the individual defendants have admitted. The pleadings are devoid of factual allegations connecting the individual defendants to the claimed illegalities or showing any connection between them and Puerto Rico.[11] The documents that GPC attached to the motion requesting jurisdictional discovery carry a similar defect, for they merely show contacts of the corporate defendant – AGP – with Puerto Rico even though, as defendants themselves admit, the "court's jurisdiction over the corporate defendant is not in dispute" (Docket No. 18, p. 1). With this in mind, the claims against the individual defendants must be dismissed, albeit without prejudice. See, North American

---

[11] For that same reason, the request to conduct jurisdictional discovery is DENIED. See, United States v. Swiss American Bank, Ltd., 274 F.3d 610, 626-627 (1st Cir. 2001)(recognizing the court's broad discretion to decide whether jurisdictional discovery is required and warning that, in addition to presenting a colorable claim, a plaintiff must be diligent in preserving his rights to be entitled to jurisdictional discovery, which includes the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted). GPC has made no such showing.

Catholic Educational Programming Foundation, Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009)("a

dismissal for lack of personal jurisdiction is ordinarily without prejudice").

## III.     CONCLUSION

For the reasons stated, the request to dismiss the claims against José Hernández and Karen

Llorens at Docket No. 6 is GRANTED, but without prejudice. Because the complaint includes no

claim against the Hernández-Llorens legal conjugal partnership, the request to dismiss those claims

as to the partnership is DENIED as UNNECESSARY.  And, given that the request to transfer the

case to the Southern District of Florida is predicated on the inclusion of the individual defendants

in this case, the request is DENIED AS MOOT.

**SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of March, 2021.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge